Mr. DeFiennes for plaintiffs.

Mr. Jasper and Mr. Bates, for defendants.

---

October 23, 1848.

## WILLIAM WALKER *vs.* ELIAB and HIRAM GRIMES.

### DECISION OF CHIEF JUSTICE LEE.

New trial granted on the ground of surprise, and the discovery of new and material evidence.

This is a motion for a new trial, based upon the following grounds:

1. The verdict is contrary to the law and the evidence.
2. On the ground of surprise, and the discovery of new evidence.

New trials are never granted upon the first ground urged in favor of this motion, unless the verdict is clearly and manifestly against the evidence or the law; and especially in cases like the present, where the verdict is against the party having the burden of proof. It ought only to be done on such a ground, in extraordinary cases, where it is manifest that the jury have mistaken or abused their trust. In this case the evidence was in a great measure derived from an inspection of the books, accounts and other papers of the parties which were freely submitted to the jury by both parties, and after a full investigation and consideration of all the verbal and written testimony, they returned their verdict in favor of the defendants.

In the opinion of the court this verdict is in accordance with the law, and the counsel for the motion do not pretend to point out a single point in which it runs counter to the law. So far as we are able to judge, it is also in accordance with the evidence, and hence we cannot grant the motion upon the first ground stated by the plaintiff.

Upon the second ground urged in favor of this motion, it is said, that before the case was brought on for trial, the plaintiff's counsel made an application to the Chief Justice for a commission to take the testimony, *de bene esse,* of a very important and material witness, one Samuel Mason, who was then lying on a bed of extreme sickness, and who in all probability would not be able to attend and give his evidence on the trial. That on the hearing of the application, the commission was not granted, on account of an agreement entered into by the counsel for the defendants, that the evidence of James Van Burgen, another of plaintiff's witnesses, who could testify to the same facts as Mason, should be taken upon the trial for as much as Van Burgen's and Mason's testimony together. That upon the trial the defendants sought and partially succeeded in impeaching the testimony of Van Burgen, whereby they were taken by surprise and deprived of the benefit of Mason's testimony—which they contend would have been such as to materially affect the verdict rendered. That they could not avail themselves of a motion for a continuance of this case on the ground of surprise, as it was generally reported, and at the time believed by the plaintiff that the witness Mason was dead. That it has since been discovered that Mason is living, and that in equity and justice they are entitled to a new trial in order to procure his evidence.

In opposition to the motion it is urged with propriety and truth, that before the plaintiff can prevail in this motion he should show that Mason can give *new* and *material* evidence. That plaintiff's counsel do not pretend that Mason can give any thing more than corroborative or cumulative evidence in support of Van Burgen's testimony. That they do not set forth, as they ought, in their affidavit, what Mason would testify to were he produced upon another trial, and therefore that the court cannot judge whether his evidence would be material or not. That the affidavit does not state that Mason is within the jurisdiction of the court and could be produced on a new trial. That it does not state that Van Burgen was sought to be impeached by the defendants; and that the affidavit is wholly insufficient to support the motion.

That the affidavit is very faulty there can be no doubt. It should contain all the facts set forth by the plaintiff's counsel in their argu-

ment, giving the agreement of the defendant's counsel before the trial; the impeachment of Van Burgen and all other grounds of surprise; state that Mason can be procured as a witness on a new trial; and should be accompanied by the affidavit of Mason himself as to what he will testify to, in order that the court may judge of its materiality. If the court were to grant new trials upon such affidavits as this, there would be no end to litigation, and we do not hesitate in saying that in any future case we should refuse to grant a similar motion based upon a similar affidavit without hearing counsel in opposition  But believing as we do, that the ends of justice require great lenity and liberality in the practice of our courts in their infant state, we do not deny this motion absolutely, but conditionally, reserving to the plaintiff the right to renew the same upon new affidavits.

January 30th, 1849.

The plaintiff having filed new affidavits in this case, the court met and gave the following decision on this motion.

" In the opinion of the court the affidavits of Mason and DeFiennes as presented on the renewal of this motion, furnish good grounds for a new trial. *We therefore grant the motion.* But as the plaintiff has been guilty of laches and negligence in the matter, we grant it only upon the condition of his paying the costs accrued up to the present time and his giving security for all costs that may hereafter accrue upon the new trial."